IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| IN RE TYSON FOODS, INC., | ) | MDL Docket No. 1854 |
| | ) | 4:07-md-01854-CDL |
| FAIR LABOR STANDARDS ACT | ) | |
| | ) | |
| LITIGATION | ) | 1:07-cv-00093-CDL |
| | ) | 4:07-cv-02004-CDL |
| | ) | 4:07-cv-02008-CDL |
| | ) | 4:07-cv-02016-CDL |
| | ) | 4:08-cv-02000-CDL |
| | ) | 4:08-cv-02003-CDL |
| | ) | |

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT UNDER THE PORTAL-TO-PORTAL ACT

TABLE OF CONTENTS

|  | | Page |
|---|---|---|
| INTRODUCTION | | 1 |
| I. | AN ACTIVITY IS NOT "INTEGRAL AND INDISPENSABLE" TO AN EMPLOYEE'S "PRINCIPAL ACTIVITY" MERELY BECAUSE IT PROVIDES THE EMPLOYER WITH AN INDIRECT BENEFIT | 3 |
| II. | PLAINTIFFS' ARGUMENTS FOR NARROWING THE RANGE OF "PRELIMINARY" AND "POSTLIMINARY" ACTIVITIES EXCLUDED FROM COMPENSATION BY THE PORTAL ACT ARE NOT PERSUASIVE. | 8 |

## TABLE OF AUTHORITIES

Page(s)

Cases

*Anderson v. Cagle's, Inc.*,
   488 F.3d 945 (11th Cir. 2007) ...................................................................................................3

*Anderson v. Mt. Clemens Pottery Co.*,
   328 U.S. 680 (1946)..................................................................................................................1, 5

*Anderson v. Perdue Farms*,
   604 F. Supp. 2d 1339 (M.D. Ala. 2009) ...................................................................................9

*Anderson v. Pilgrim's Pride Corp.*,
   147 F. Supp. 2d 556 (E.D. Tex. 2001),
   *aff'd*, 44 F. App'x. 652 (5th Cir. 2002).................................................................................10

*Birdwell v. City of Gadsden*,
   970 F.2d 802 (11th Cir. 1992) ...................................................................................................9

*Bonilla v. Baker Concrete Construction, Inc.*,
   487 F.3d 1340 (11th Cir.), *cert. denied*, 128 S. Ct. 813 (2007) .....................................1, 2, 3, 6

*Burks v. Equity Group-Eufaula Div., LLC*,
   571 F. Supp. 2d 1235 (M.D. Ala. 2008) ...................................................................................9

*Chao v. Tyson Foods, Inc.*,
   568 F. Supp. 2d 1300 (N.D. Ala. 2008) ...................................................................................7

*Danskine v. Miami Dade Fire Dep't*,
   253 F.3d 1288 (11th Cir. 2001) .................................................................................................8

*Dunlop v. City Elec., Inc.*,
   527 F.2d 394 (5th Cir. 1976) ..............................................................................................2, 10

*Gorman v. Consolidated Edison Corp.*,
   488 F.3d 586 (2d Cir. 2007), *cert. denied*, 128 S. Ct. 2902 (2008) .........................................9

*IBP, Inc. v. Alvarez*,
   546 U.S. 21 (2005)....................................................................................................................9

*Mitchell v. King Packing Co.*,
   350 U.S. 260 (1956)..................................................................................................................8

*Perez v. Mountaire Farms, Inc.*,
   601 F. Supp. 2d 499 (D. Md. 2009) .........................................................................................9

*Pirant v. USPS*,
    542 F.3d 202 (7th Cir.), *as amended*, 2008 U.S. App. LEXIS 24371
     (Dec. 3, 2008), *cert. denied*, __ S. Ct. __, 78 USLW 3010,
    2009 WL 3161914 (Oct. 5, 2009) ............................................................................. 10

*Pressley v. Sanderson Farms, Inc.*,
    No. Civ. A. H-00-420, 2001 WL 850017 (S.D. Tex. 2001),
    *aff'd,* 33 F. App'x. 705 (5th Cir. Mar. 7, 2002) ......................................................... 10

*Steiner v. Mitchell*,
    350 U.S. 247 (1956) ............................................................................................. 1, 7, 8

*Von Friewalde v. Boeing Aerospace Operations, Inc.*,
    No. 08-50316, 15 Wage & Hour Cas. 2d (BNA),
    2009 WL 2391400, at *3 (5th Cir. Aug. 4, 2009) ....................................................... 10

<u>Statutes</u>

21 U.S.C. §§ 451-72 ............................................................................................................ 4

29 U.S.C. § 203(o) .............................................................................................................. 3

29 U.S.C. § 254(a) .............................................................................................................. 5

29 U.S.C. §§ 651-78 ............................................................................................................ 4

44 U.S.C. § 1507 ................................................................................................................. 4

<u>Other Authorities</u>

9 C.F.R. § 416.5 .................................................................................................................. 4

29 C.F.R. § 1910.95 ............................................................................................................ 4

29 C.F.R. § 1910.132(a) ...................................................................................................... 4

 29 C.F.R. § 1910.138(a) ..................................................................................................... 4

INTRODUCTION

Plaintiffs claim that defendant owes overtime compensation for the time plaintiffs spend donning and doffing sanitary and protective clothing that is required by federal law in order to protect the public health and plaintiffs' physical safety. Relying upon the "continuous workday rule," plaintiffs then assert a further right to compensation for all the time they spend walking to and from the clothes-changing and washing areas. The result sought by plaintiffs would generate substantial liabilities for defendant and the many similarly situated employers around the nation.

As shown by defendant's Motion for Summary Judgment, plaintiffs' pre- and post-shift claims are barred by the Portal-to-Portal Act, which deems such "preliminary and postliminary" activities noncompensable as a matter of law. Separately and together, the controlling authorities discussed in defendant's Motion –the statutory text, the governing Supreme Court precedent, and the Eleventh Circuit's decision in *Bonilla v. Baker Concrete Construction, Inc.*, 487 F.3d 1340 (11th Cir.), *cert. denied*, 128 S. Ct. 813 (2007) – establish that an employee is not entitled to overtime compensation for pre- and post-shift clothes changing and washing, which the federal government requires to protect public health and employees' own safety, and which benefits the employer only indirectly. The statutory text excludes from compensation both "preliminary" and "postliminary" activities, language that perfectly describes this clothes changing and washing before and after plaintiffs' work on the plant floor, as well as the related "walking" time for which plaintiffs seek compensation. Indeed, plaintiffs' claims are indistinguishable from those of the employees in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), which the Portal Act was specifically enacted to reverse. The Supreme Court has accordingly held that the Portal Act excludes from compensation ordinary washing and clothes changing like that at issue in this litigation, as opposed to a lethal working environment. *Steiner v. Mitchell*, 350 U.S. 247 (1956). The Eleventh Circuit's decision in *Bonilla*, in turn, holds that, among other things, employees are

not entitled to compensation unless the activity is "required" by and also "primarily" benefits the employer. 487 F.3d at 1344.

Plaintiffs' opposition raises no question of material fact and is not persuasive. Plaintiffs never even *mention* the text of the Portal Act; they do not dispute that their claim is directly contrary to the purposes of the Act; they discuss controlling Supreme Court precedent only in passing; and they rely principally not on *Bonilla*, but rather a much older Fifth Circuit decision (*Dunlop v. City Elec., Inc.*, 527 F.2d 394 (5th Cir. 1976)). Plaintiffs instead principally make a single factual argument: that use of the sanitary clothing in question is important to defendant's profitability and reputation, because it assists defendant in providing unadulterated products to its customers.[1] Plaintiffs then point to a handful of district court decisions, which find that such a benefit to the employer makes an activity "integral and indispensable" to workers' "principal activities" and thus compensable.

For purposes of this motion, the Court can assume that plaintiffs' factual assertion is correct – *i.e.*, that defendant derives an indirect benefit from the use of this required sanitary clothing – and still resolve this case as a matter of law because plaintiffs misstate the relevant legal standard. The authorities discussed above do not recognize an exception under the Portal Act for activities that indirectly benefit the employer. Instead, compensation is not owed in an action such as this one, where defendant benefits only indirectly from the effects of protecting third parties: the consuming public and its workers, who are the actual "primary" beneficiaries of this sanitary and protective clothing.

---

[1] Plaintiffs' focus on sanitary clothing such as smocks, hairnets, and where applicable, beard nets and not on protective clothing such as hearing protection and, where applicable, hand protection. This is not surprising, since there is no conceivable argument that the protective items such as hearing and hand protection primarily benefit defendant.

2

Plaintiffs' contrary position would allow the exception to the Portal Act for "integral and indispensable" activities to swallow the rule of non-compensation. *See Bonilla*, 487 F.3d at 1344 ("If the Portal-to-Portal Act is to have any meaning at all, its terms cannot be swallowed by an all-inclusive definition of 'integral and indispensable.'"). Plaintiffs' strained and counter-textual position is that an employer is the "primary" beneficiary of every activity that reflects well on it. But it is difficult to imagine *any* activity in which an employee engages in which the employer is not at least an indirect beneficiary. Certainly that would be true for any activity required by the employer. Similarly, on plaintiffs' view, presumably every activity that the government requires for workers is automatically compensable, because the employer's reputation would be seriously harmed by a finding that the workplace failed to comply with legal requirements. *Bonilla* holds, however, that an activity is compensable only if it is *both* required by the employer and also for the employer's primary benefit.

Because plaintiffs' position cannot be reconciled with the text of the Portal-to-Portal Act, the statute's purposes, governing Supreme Court precedent, and the Eleventh Circuit's decision in *Bonilla*, defendant's Motion for Summary Judgment should be granted.

I. AN ACTIVITY IS NOT "INTEGRAL AND INDISPENSABLE" TO AN EMPLOYEE'S "PRINCIPAL ACTIVITY" MERELY BECAUSE IT PROVIDES THE EMPLOYER WITH AN INDIRECT BENEFIT

But for trivial word choices,[2] plaintiffs do not contest the facts presented in defendant's Statement of Material Facts, almost all of which are drawn from plaintiffs' complaints or federal

---

[2] Plaintiffs repeatedly strike the term "clothing" in favor of "gear." *See* Pls.' Statement of Material Facts and Response to Defs' Separate Statement of Material Facts at § 1, ¶¶ 2-3, 6 ("Pls.' SOF"). The effort is wasted. The Eleventh Circuit has squarely held that the types of sanitary and protective items at issue such as smocks, hairnets, beardnets, and ear plugs are "clothing" within the meaning of the FLSA. *See Anderson v. Cagle's, Inc.*, 488 F.3d 945 (11th Cir. 2007) (interpreting 29 U.S.C. § 203(o)). Plaintiffs' objection to the terms "pre-production" and "post-production" is strange, as they admit the activities occur at the beginning or end of the workday. *See* Pls.' SOF at § 1, ¶¶ 2-3.

3

statutes and regulations.³ *See* Pls.' SOF at § 1, ¶¶ 1-10. For purposes of this motion, four essential points are undisputed:

*First*, plaintiffs' "principal activity" – the work they are hired to perform – occurs on the plant floor.

*Second*, the sanitary and protective clothing that plaintiffs are required to don and doff is required by federal law, which defendant has no discretion to ignore. In particular, the sanitary clothing is required by the Poultry Products Inspection Act ("Poultry Act"), 21 U.S.C. §§ 451-72, and its implementing regulations, 9 C.F.R. § 416.5. *See* Def's. Mem. at 8-9 (also collecting additional regulatory requirements). The protective clothing is required by the Occupational Safety and Health Act ("OSH Act"), 29 U.S.C. §§ 651-78, and its implementing regulations, 29 C.F.R. §§ 1910.132(a), 1910.138(a).⁴

*Third*, the exclusive purpose of those statutes and regulations is to benefit persons other than defendant. Thus, the Poultry Act protects the health of consumers; the OSH Act protects employees. *See* Def' Mem. at 9-11.⁵

*Fourth*, defendant nonetheless derives some indirect benefit from the fact that its plants operate in compliance with these federal requirements. If defendant's plants were found not to

---

³ 44 U.S.C. § 1507 requires federal courts to take judicial notice of federal regulations appearing in the Federal Register.
⁴ Plaintiffs offer no evidence that ear plugs are worn for the primary benefit of defendant. *See* Pls.' Opp. at 7-11; Pls' SOF at § 2, ¶¶ 1-41. This is not surprising since hearing protection is not worn for any food safety purpose, but rather only to comply with OSHA's hearing protection regulation. *See* 29 C.F.R. § 1910.95. Because it is clear that the primary benefit of wearing ear plugs accrues to workers, their donning and doffing cannot be integral and indispensable under *Bonilla*.
⁵ Plaintiffs do not and cannot legitimately contend that USDA and OSHA implemented the regulations at issue to ensure the profitability or protect the reputation of defendant or any other employer.

4

be in compliance, its reputation for producing healthy food and operating a safe workplace could suffer.

The principal flaw in plaintiffs' opposition is their leap from the premise that defendant receives some benefit from the regulations implemented by the USDA and OSHA – which is the overwhelming focus of their Opposition – to plaintiffs' conclusion that the donning and doffing activities in question are compensable. For the four reasons given in defendant's motion, that is not so.

*First*, plaintiffs' position is contrary to the statutory text. *See* Def's. Mem. at 3-6. The Portal Act excludes from compensation activities that are "preliminary" and "postliminary" to "principal" activities – here, the work on the plant floor. It also excludes the "walking" time that makes up the bulk of plaintiffs' damages claim under the "continuous workday rule." 29 U.S.C. § 254(a). There is no exception in the Portal Act for preliminary or postliminary activities that nonetheless indirectly benefit the employer. Tellingly, plaintiffs do not discuss the statutory text at all.

*Second*, plaintiffs' argument requires construing the text directly contrary to Congress's purpose in enacting the Portal Act. Plaintiffs' claims *cannot be distinguished* from those in the decision that Congress enacted the Portal Act to overrule: *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), in which the employees engaged in indistinguishable activities ("such as putting on aprons and overalls, removing shirts, taping or greasing arms, [and] putting on finger cots," 328 U.S. at 692-93) that were at least as relevant to the employer's business as the clothes changing here. *See* Def's. Mem. 5-6. Like the text of the Portal Act, plaintiffs ignore the entire predicate for the enactment of the Portal Act in 1947.

5

*Third*, in multiple respects, plaintiffs' position is precluded by the Eleventh Circuit's decision in *Bonilla*, which describes three factors for deciding whether an activity is "integral and indispensable" to an employee's "principal activity" and thus not excluded as "preliminary" or "postliminary": "(1) whether the activity is required by the employer, (2) whether the activity is necessary for the employee to perform his or her duties, *and* (3) whether the activity primarily benefits the employer."[6] 487 F.3d at 1344. In *Bonilla*, the Eleventh Circuit found decisive that the security screening was required by the FAA and that the employer "had *no discretion* as to whether its employees would be screened." 487 F.3d at 1344 (emphasis added).

Defendant's motion established that the clothes changing and washing activities at issue fail all three elements of the *Bonilla* standard: (i) they are required by the federal government, not defendant, which has no discretion to ignore these mandates; (ii) they are not necessary to perform the plaintiffs' principal activities on the plant floor; and (iii) they primarily benefit the consuming public and employees. Critically important are the first and third factors: that the activities at issue are compensable only if they are required by the employer and their primary beneficiary is the employer. Faced with undisputed evidence establishing that plaintiffs fail the *Bonilla* test, plaintiffs are forced to attempt to dramatically narrow the Portal Act by construing *Bonilla* to require an employer to pay compensation whenever the activity is "required" by the employer even though, as in *Bonilla,* the employer has no discretion to ignore the requirement and "inure[s] to its benefit." Pls.' Opp. at 5. That simply is not the standard adopted by *Bonilla*. In fact, plaintiffs elsewhere concede that under *Bonilla* the "activity must be both necessary and

---

[6] The parties agree all three factors must be satisfied. *See* Pls. Opp. at 3 & n.7.

for the 'primary benefit' of the employer." Pls.' Opp. at 5. But plaintiffs have no persuasive answer as to why the result in *Bonilla* does not dictate the outcome here.[7]

Plaintiffs' passing attempt to nonetheless distinguish the Eleventh Circuit's decision on its facts lacks merit in any event. Plaintiffs argue that *Bonilla* "involved no activities performed for the employer or that inured to its benefit." Pls.' Opp. at 5. But the workers there could have made an indistinguishable argument from that advanced by plaintiffs here: because the security screening in *Bonilla* was mandated by law, the employer necessarily required its employees to comply, and if it failed to do so, its operations would have been shuttered. *See Chao v. Tyson Foods, Inc.*, 568 F. Supp. 2d 1300, 1315 (N.D. Ala. 2008) ("clear that the employer [in *Bonilla*] benefitted at least in part [from its compliance with the FAA security requirements], because its employees' compliance enabled them to reach their work sites to perform their jobs.").

*Fourth*, defendant's reading of *Bonilla* is confirmed by the Supreme Court's decision in *Steiner* in which the Court held that "changing clothes and showering under normal conditions" are precluded from compensation under the Portal Act. 350 U.S. at 249. The Court recognized an exception for the extreme and toxic circumstances of the battery plant where workers could not operate absent clothes changing and showering at the end of their shift, because the clothes would disintegrate and lives would be directly put at risk without these activities. *See* Def's. Mem. at 12. The Court did not address the "required" and "primary benefit" factors that were later developed in *Dunlop* and *Bonilla*.

Plaintiffs argue that "[i]n *Steiner*, the clothes changing and showering was required by law, yet was found to be the definition of integral and indispensable." Pls.' Opp. at 6. This is not true. In fact, the employer in *Steiner* "[did] *not challenge* the concurrent findings of the

---

[7] Defendant does not concede that the pre- and post-shift activities here are "necessary" within the meaning of *Bonilla* and *Steiner*.

7

courts below that the clothes-changing and showering activities of the employees [were] indispensable to the performance of their productive work and integrally related thereto." 350 U.S. at 251 (emphasis added). Thus, the Court considered only the narrow contention that the activities at issue "[fell] without the concept of 'principal activity' and that, being performed off the production line and before or after regular shift hours, they are beyond the protection of the Fair Labor Standards Act." *Id.* at 251-52, 254.

Plaintiffs also argue that the Supreme Court in *Mitchell v. King Packing Co.*, 350 U.S. 260 (1956), applied *Steiner* to a meat processing facility where there was not a "dangerous or lethal work environment like the battery plant." Pls' Opp. at 19 & n.18. But *King Packing* is inapposite because no clothes changing or washing was involved and the employer clearly was the sole beneficiary of the activity in question: sharpening knives that employees used in their work.

II. PLAINTIFFS' ARGUMENTS FOR NARROWING THE RANGE OF "PRELIMINARY" AND "POSTLIMINARY" ACTIVITIES EXCLUDED FROM COMPENSATION BY THE PORTAL ACT ARE NOT PERSUASIVE

The few arguments that plaintiffs do present in support of their position do not create a material issue of fact or a legal basis for denying summary judgment. *See Danskine v. Miami Dade Fire Dep't*, 253 F.3d 1288, 1292-93 (11th Cir. 2001).

Plaintiffs argue that defendant "concedes that it requires the plaintiffs to don and doff smocks, hairnets/beardnets and earplugs and to wash and sanitize their hands or gloves upon entering the production areas of each plant." Pls.' Opp. at 2. That is inaccurate in the sense that the term "require" is used in *Bonilla*. The relevant mandate is set forth in the Poultry Act and OSH Act and their implementing regulations. Defendant "requires" the clothes changing and washing in question only to the same extent that every employer requires its employees to follow the law.

8

Plaintiffs next assert that defendant's "tight control over the design and laundering of the smock and other sanitary [and] protective gear and equipment demonstrates that they are for the benefit of the company's marketing, sales and 'quality assurance' programs, not the employee." Pls.' Opp. at 11. There is no basis for this assertion. Defendant exercises "tight control" because it is required to do so by law. As explained, the intended beneficiaries of the federal statutes and regulations are consumers and employees, not employers such as defendant.

Plaintiffs also contend that their position is supported by *IBP, Inc. v. Alvarez*, 546 U.S. 21, 30 (2005). But because the employer did not challenge the Ninth Circuit's holding that the donning and doffing of "unique protective gear" were principal activities under the Portal Act, the Supreme Court did not in any way "endorse" the Ninth Circuit's holding. *See id.* at 32.

Plaintiffs finally rely on several district court decisions that they contend are analogous. The controlling precedents, of course, are *Bonilla* and *Steiner*. The decisions cited by plaintiffs employ a much less rigorous standard. For example, *Perez v. Mountaire Farms, Inc.*, 601 F. Supp. 2d 499, 521 (D. Md. 2009) and *Burks v. Equity Group-Eufaula Div., LLC*, 571 F. Supp. 2d 1235, 1246 (M.D. Ala. 2008) consider only whether clothes changing "benefit Defendants," not whether it "primarily" benefits the employer. None of the decisions addresses whether the clothes changing benefits the public health and consumers.[8] Here, there can be no doubt that the consumer benefits far outweigh the benefit to defendant.

Far better reasoned than these district court decisions is *Gorman v. Consolidated Edison Corp.*, 488 F.3d 586 (2d Cir. 2007), *cert. denied*, 128 S. Ct. 2902 (2008). Plaintiffs attempt to

---

[8] In *Anderson v. Perdue Farms*, 604 F. Supp. 2d 1339, 1354 (M.D. Ala. 2009), the district court recognized that "the chicken-consuming public is also a significant beneficiary" of the sanitary requirements, but denied summary judgment because it found disputed facts as to who was the primary beneficiary of the sanitary clothing at issue. However, whether an activity is "integral and indispensable" is a question of law suitable for summary judgment. *See Birdwell v. City of Gadsen*, 970 F.2d 802, 807 (11th Cir. 1992); *Anderson*, 604 F. Supp. 2d at 1349 & n.7.

9

disparage *Gorman*, but fail to recognize that the Fifth Circuit recently followed the *Gorman* interpretation of *Steiner*. *See Von Friewalde v. Boeing Aerospace Operations, Inc.*, No. 08-50316, 15 Wage & Hour Cas. 2d (BNA), 2009 WL 2391400, at *3 (5th Cir. Aug. 4, 2009) (per curiam) ("donning and doffing of generic protection gear such as safety glasses and hearing protection" are not compensable under Portal Act).[9] The Fifth Circuit has now ruled on three occasions that pre- and post-shift clothes changing and washing are not compensable under the Portal Act, including twice in the poultry processing context. *See also Anderson v. Pilgrim's Pride Corp.*, 147 F. Supp. 2d 556 (E.D. Tex. 2001), *aff'd*, 44 F. App'x. 652 (5th Cir. 2002) (per curiam); *Pressley v. Sanderson Farms, Inc.*, No. Civ. A. H-00-420, 2001 WL 850017 (S.D. Tex. 2001), *aff'd,* 33 F. App'x. 705 (5th Cir. Mar. 7, 2002) (per curiam). The Seventh Circuit's ruling in *Pirant v. USPS*, 542 F.3d 202 (7th Cir.), *as amended*, 2008 U.S. App. LEXIS 24371, at *2-3 (Dec. 3, 2008), *cert. denied*, __ S. Ct. __, 78 USLW 3010, 2009 WL 3161914 (Oct. 5, 2009) also is persuasive.

In short, plaintiffs have failed to show the existence of a factual dispute sufficient to defeat summary judgment. The Portal Act was enacted to address circumstances which were almost identical to those here. Summary judgment in favor of defendant is proper here for the same reasons it was proper for the employer in *Bonilla*.

---

[9] While the Fifth Circuit's per curiam opinion in *Von Friewalde* is non-precedential under that Circuit's rules, it may still be relied on to the extent the Court finds the reasoning persuasive. In addition, given the citation to *Dunlop v. City Electric, Inc.*, 527 F.2d 394, 398 (5th Cir. 1976), in *Von Friewalde* for the "integral and indispensable" standard, the opinion serves as persuasive rebuttal of plaintiffs' claim that *Gorman* is in conflict with binding precedent from *Dunlop*. *See Von Friewalde*, 2009 WL 2391400, at *3; Pls.' Opp. at 18-19.

Dated: October 30, 2009　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*/s/ Joel M. Cohn*
　　　　　　　　　　　　　　　　　　　Joel M. Cohn (DC Bar No. 933713)
　　　　　　　　　　　　　　　　　　　William F. Allen (DC Bar No. 454656)
　　　　　　　　　　　　　　　　　　　Michael S. McIntosh (DC Bar No. 495035)
　　　　　　　　　　　　　　　　　　　AKIN GUMP STRAUSS HAUER & FELD LLP
　　　　　　　　　　　　　　　　　　　1333 New Hampshire Ave., N.W.
　　　　　　　　　　　　　　　　　　　Washington, DC 20036-1564
　　　　　　　　　　　　　　　　　　　Tel (202) 887-4000
　　　　　　　　　　　　　　　　　　　Fax (202) 887-4288
　　　　　　　　　　　　　　　　　　　jcohn@akingump.com
　　　　　　　　　　　　　　　　　　　ballen@akingump.com
　　　　　　　　　　　　　　　　　　　mmcintosh@akingump.com

　　　　　　　　　　　　　　　　　　　*Lead Counsel for Defendant*

　　　　　　　　　　　　　　　　　　　Lisa A. Schreter (GA Bar No. 629852)
　　　　　　　　　　　　　　　　　　　Angelo Spinola (GA Bar No. 672191)
　　　　　　　　　　　　　　　　　　　LITTLER MENDELSON, PC
　　　　　　　　　　　　　　　　　　　3344 Peachtree Road, N.E.
　　　　　　　　　　　　　　　　　　　Suite 1500
　　　　　　　　　　　　　　　　　　　Atlanta, GA 30326-1008
　　　　　　　　　　　　　　　　　　　Tel. (404) 760-3938
　　　　　　　　　　　　　　　　　　　Fax (404) 233-2361
　　　　　　　　　　　　　　　　　　　lschreter@littler.com
　　　　　　　　　　　　　　　　　　　aspinola@littler.com

　　　　　　　　　　　　　　　　　　　*Liaison Counsel for Defendant*

CERTIFICATE OF SERVICE

      The undersigned certifies that a true and correct copy of the foregoing Defendant's Reply Memorandum in support of Motion for Partial Summary Judgment under the Portal-to-Portal Act was served on this 30th day of October 2009, by electronically filing the same with the CM/ECF system.

                                          */s/ Joel M. Cohn*
                                            Joel M. Cohn